STATE, BENJAMIN G. STANFORD, PROSECUTOR, v. FISHER VARNISH COMPANY.

1. Where one is hired to work by the week, and is receiving wages weekly, the burthen of proof is upon him to show a change in the contract of hiring, as to term of service.
2. The resolution passed by the defendant company, offered in evidence by the plaintiff, construed to increase the weekly wages, but not to extend the term of service.

On *certiorari* to the Court of Common Pleas of Essex

county. The two cases were argued together; the facts appear fully in the opinion of the court.

Argued at November Term, 1880, before Justices DIXON, REED and PARKER.

For the plaintiff in *certiorari*, *J. A. Cobb*.

For the defendants in *certiorari*, *C. F. Hill*.

The opinion of the court was delivered by

PARKER, J.    On the 10th day of September, 1878, Fisher and Kimball, who were partners, trading as the "Fisher Varnish Company," employed Stanford to keep their books. They agreed to give him $12 per week. The employment was by the week.

In January, 1879, Mr. Kimball retired from the firm, and Mr. Fisher, with Bond and King, H. M. Mason and S. Mason, Jr., formed a company under a general law, and continued the business under the same name.

Mr. Stanford remained in the employment of the new company as book-keeper.

In June following, Stanford was discharged by the company. After his discharge, he claimed that on the 3d day of February, 1879, there was a new contract between himself and the company, by which the company agreed to pay him $14 a week, for a year, and that they had no right to discharge him before the expiration of the year.

Stanford first brought suit for one week's wages next succeeding his discharge, and subsequently he sued for damages for breach of contract and loss of employment for the remainder of the year. Both suits were commenced in a District Court of the city of Newark, and in each, the plaintiff below obtained judgment. On appeal to the Court of Common Pleas, both judgments were affirmed. A *certiorari* was brought in each case, and they were argued together.

The only evidence offered by Stanford to prove a new con-

tract of hiring was a book of minutes of the company, containing a resolution, under date of February 3d, 1879, of which the following is a copy, viz.:

"Mr. S. Mason, Jr., made a motion that the salary of Mr. Stanford, bookkeeper, be increased $104 per annum, thus making his salary $14 instead of $12 per week. Carried."

At the close of plaintiff's case before the District Court, also before the Court of Common Pleas, the defendants moved to nonsuit, because a contract of hiring for a year had not been proved, which motion was not granted.

At the time of the adoption of the resolution Stanford was working for the company by the week. The burthen of proof is upon him to show that there was a change in the term of his employment, as well as an increase of weekly wages.

The resolution proves that the subject matter of consideration at the meeting was the increase of salary and not the extension of the term of service. The language is "Mr. Mason, Jr., made a resolution that the salary of Mr. Stanford, bookkeeper, be increased," &c. The increase was to be $2 a week, which would make $104 increase in a year, if he remained a year. The words "increase per annum" were used only as a mode of computation, not to extend the hiring for a year.

Mr. Stanford had been working by the week, and desired his weekly wages increased, which was done by the resolution.

If a change in the time the employment should continue had been contemplated, such change would have been distinctly expressed and not left to inference.

If Stanford, without cause, had left the employment of the company within the year, damages could not have been recovered of him by defendants under the language of the resolution. There must be mutuality in a contract to bind either party.

It is obvious that the contract evidenced by the resolution in question, only increased the weekly wages, and did not extend the term of service.

Stanford was paid $12 per week up to the 3d of February, 1879, and after that date, $14 per week, until the time of his

discharge.    When these suits were commenced by him against the company nothing was due him—for wages or as damages.

Both judgments are reversed, with costs.